UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

CAROLYN CARLINO,

      Plaintiff,

   - against -

MUJI U.S.A. LIMITED,

      Defendant.

_____

25-cv-3562 (JGK)

<u>Memorandum
Opinion and Order</u>

**John G. Koeltl, District Judge:**

The plaintiff, Carolyn Carlino, filed this putative class action against the defendant, Muji U.S.A. Limited ("Muji"), asserting claims that Muji failed to pay timely wages pursuant to the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA"). <u>See</u> Compl., ECF No. 1. Muji moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>See</u> Notice of Mot., ECF No. 16. For the reasons that follow, Muji's motion is **granted**.

**I.**

The following facts are taken from the Complaint and are accepted as true for purposes of deciding this motion.

Muji owns and operates retail stores in New York. Compl. ¶ 8. The plaintiff, a resident of New York, has worked as a retail employee at Muji's 59th Street location since May 2023. <u>See</u> <u>id.</u> ¶¶ 5-6. The plaintiff alleges that more than 25% of her job duties consist of physical tasks, including

"organizing new inventory, operating the cash register and completing customers' transactions, transporting merchandise around the store, merchandizing and arranging displays, organizing fitting rooms, and other tasks associated with keeping the store stocked, organized, and clean." Id. ¶ 46. The plaintiff also alleges that from May 2023 until November 2024, Muji paid her and other hourly employees on a biweekly basis. Id. ¶¶ 11, 25, 35, 47.

The plaintiff filed the Complaint on April 29, 2025. See ECF No. 1. She brings putative class claims under the FLSA and the NYLL, alleging that she and Muji's other retail workers are "manual workers" subject to the NYLL's weekly pay requirements, and that Muji failed to pay her and other employees on a weekly basis. Compl. ¶¶ 36, 53-62. She also argues that the weekly payment schedule under the NYLL applies to the overtime payments required under the FLSA. See id. ¶¶ 59, 61.

## II.

Muji moves to dismiss the plaintiff's FLSA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## A.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2008). The Court's function is "not to weigh

2

the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient."[1] Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the Court should construe the facts alleged in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

### B.

Under § 191(1)(a) of the NYLL, manual workers in New York must be paid weekly. N.Y. Lab. L. § 191(1)(a). In contrast, while the FLSA "does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." Rogers v. City of Troy, 148 F.3d 52, 57 (2d Cir. 1998). The gist of the plaintiff's FLSA claim is that, because Muji compensated the plaintiff on a biweekly basis in alleged violation of NYLL § 191's weekly payment requirement for manual workers,

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

Muji failed to make prompt payment of wages in violation of FLSA.[2] See See Mem. in Opp. to Mot. ("Opp.") 2-6, ECF No. 22.

These allegations are insufficient to state a claim under FLSA. "Adopting [the plaintiff's] position would render the FLSA's prompt pay requirement dependent on the laws of the State in which the given employee works, undermining the general principle that federal laws have uniform nationwide application and the FLSA's goal of a uniform national wage-and-hour policy." McDonald v. H&M Fashion USA Inc., No. 24-cv-2476, 2025 WL 744014, at *3 (S.D.N.Y. Mar. 6, 2026); see also Pineda v. Big City Realty Mgmt, No. 22-cv-5428, 2024 WL 5146068, at *6 ("The FLSA is not a mechanism to enforce a solely state-law requirement. This Court will not impute a state law requirement into a federal scheme intended 'to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by

---

[2] In the Complaint, the plaintiff alleges that "MUJI paid retail employees on a bi-weekly schedule, in violation of 29 C.F.R. § 778.106." 29 C.F.R. § 778.106 concerns overtime payment and provides, in relevant part, that, "[t]here is no requirement . . . that overtime compensation be paid weekly. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends." However, the Complaint contains no allegations regarding overtime and instead alleges that Muji violated the FLSA by failing to pay the plaintiff "compensation" on a weekly basis. See Compl. ¶¶ 59-61. Muji refers to this discrepancy in its brief, see Mem. of Law Supp. Mot. ("Br") 3-4, ECF No. 22, but the plaintiff does not respond to this point and, in fact, does not mention overtime at all in her opposition papers, see generally Opp. It is therefore unclear whether the plaintiff asserts a claim based on the alleged failure to pay all wages—or only overtime wages—on a weekly basis. To the extent the plaintiff argues that Muji violated the FLSA based on an alleged failure to pay overtime on a weekly basis, that claim fails because "[t]here is no requirement in the [FLSA] that overtime compensation be paid weekly." 29 C.F.R. § 778.106. To the extent the plaintiff contends that 29 C.F.R. § 778.106 incorporates NYLL § 191's weekly pay requirement, that argument fails for the reasons stated in the text.

employees covered by the Act.'" (quoting <u>Barrentine v. Arkansas-Best Freight Sys., Inc.</u>, 450 U.S. 728, 741 (1981))).[3]

The Complaint contains no allegation that the plaintiff was not timely paid according to the biweekly pay schedule. <u>See</u> Compl. The plaintiff therefore fails to state a FLSA claim, and the defendant's motion to dismiss that claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is **granted**.

## III.

Muji also moves to dismiss the plaintiff's NYLL claim for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### A.

"The plaintiff bears the burden of proving [the Court's] subject matter jurisdiction by a preponderance of the evidence." <u>Aurecchione v. Schoolman Transp. Sys., Inc.</u>, 426 F.3d 635, 638 (2d Cir. 2005). In considering such a motion, the Court generally must accept material factual allegations in the complaint as true. <u>See</u> <u>J.S. ex rel. N.S. v. Attica Cent. Schs.</u>, 386 F.3d 107, 110 (2d Cir. 2004). The Court does not, however, draw all reasonable inferences in the plaintiff's favor. <u>Id.</u>

---

[3] In support of her position, the plaintiff cites <u>Cooke v. Frank Brunkhorst Co.</u>, 734 F. Supp. 3d 206 (E.D.N.Y. 2024). As other district courts in this Circuit have noted, that opinion is not persuasive. "The holding in <u>Cooke</u> was partly grounded on the premise that Congress set a 'national floor' in enacting the FLSA and empowered states to augment protections conferred by the FLSA by statute. That assertion is accurate . . . . But it does not follow that simply because a State may provide greater protections to workers than the FLSA does, a violation of those state laws inherently gives rise to an FLSA claim." <u>McDonald</u>, 2025 WL 744014, at *3.

5

**B.**

The plaintiff first contends that the Court has subject-matter jurisdiction over the NYLL claim pursuant to the diversity statute, 28 U.S.C § 1332(a). Compl. ¶ 14. Section 1332(a) requires complete diversity of citizenship between the litigants, see 28 U.S.C. § 1332(a); see also Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806). The plaintiff alleges that she resides in New York and that Muji "operates retail stores in New York," but the Complaint contains no factual allegations as to the citizenship of either party. See Compl. ¶¶ 5, 8. The plaintiff has accordingly failed to establish subject-matter jurisdiction pursuant to § 1332(a).

**C.**

The plaintiff also contends that the Court has subject-matter jurisdiction over the NYLL claim pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA confers "original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006); see also 28 U.S.C. § 1332(d)(2), (5)(B), (6).

The plaintiff fails to allege jurisdiction pursuant to CAFA for several reasons. First, CAFA requires at least 100 class members, but the plaintiff alleges that the "New York Class" has "more than 40" members. Compl. ¶ 23. Second, the plaintiff does not allege even minimal diversity of citizenship. As

6

discussed above, the plaintiff alleges that she is a resident of New York and that Muji owns and operates retail stores in New York. Compl. ¶¶ 5, 8. The plaintiff seeks to represent a "New York Class," consisting of "herself and retail employees in New York," id. ¶¶ 3, 4, 19, but the Complaint contains no allegations suggesting that these employees would not be New York citizens, see generally Compl. Moreover, even if the putative class did contain citizens of other states, there is no basis to believe that they would be plentiful enough to overcome CAFA's "local controversy exception," which requires courts to decline jurisdiction over a class action where, "(1) greater than two-thirds" of the putative class members are "citizens of the state in which the action was originally filed," (2) at least one defendant from whom significant relief is sought by members of the plaintiff class and whose alleged conduct forms a significant basis for the asserted claims is also "a citizen of the State in which the action was originally filed," and (3) principal injuries resulting from the alleged conduct "were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i).[4] Third, the plaintiff does not allege adequately that the amount-in-controversy requirement is met. The plaintiff alleges that "the amount in controversy against MUJI in this matter

---

[4] The plaintiff requests discovery to show that there is minimal diversity for purposes of CAFA jurisdiction. See Opp. 8-10. "However, there must be a basis for jurisdictional discovery." Lone Star Am. Acquisitions, Inc. v. SUSA Fin., Inc., No. 22-cv-8852, 2023 WL 3738982, at *2 (S.D.N.Y. May 31, 2023). As discussed above, there are no colorable factual allegations suggesting that CAFA jurisdiction exists in this case. The plaintiff's request for discovery is **denied**. See id. ("This Court declines to authorize a baseless request for [jurisdictional] discovery.").

exceeds the sum or value of $5,000,000," but the Complaint contains no other facts in support of this conclusory assertion. Compl. ¶ 15.

There is simply no colorable basis to believe that approximately 40 New York-based employees can make a claim for more than $5 million in damages based on pay-delay claims, or that more than two-thirds of those employees are citizens of states other than New York. The plaintiff has therefore also failed to allege adequately that subject-matter jurisdiction exists pursuant to CAFA. See Venning v. Primark US Corp., No. 23-cv-10176, 2023 WL 8188432, at *1-2 (S.D.N.Y. Nov. 27, 2023); Campbell v. Zerocater, Inc., No. 23-cv-5742, 2025 WL 964106, at *4 (S.D.N.Y. Mar. 31, 2025).

*    *    *

Because the plaintiff has failed to plead adequately subject-matter jurisdiction over the NYLL claim, Muji's motion to dismiss that claim pursuant to Federal Rule of Civil Procedure 12(b)(1) is **granted**.

8

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **granted**, and the Complaint is **dismissed without prejudice**.

The Clerk is respectfully requested to enter judgment dismissing the Complaint without prejudice. The Clerk is also requested to close all pending motions and to close this case.

**SO ORDERED.**

Dated:    New York, New York
          May 18, 2026

_____
John G. Koeltl
United States District Judge